IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:05CR537 |
|---|---|---|
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| MARLON L. BROOKS, | ) ) | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR <u>GIGLIO MATERIAL</u> |
| Defendant. | ) ) ) | |

Now comes the United States of America, by and through its counsel, Gregory A. White, United States Attorney, and Blas E. Serrano, Assistant United States Attorney, and responds by asserting that the government is aware of its obligation to disclose material which can be used to impeach government witnesses and will make available to defense counsel any such evidence one day prior to the commencement of trial. The time of disclosure will be addressed in the attached memorandum.

Counsel for the government does not have any information of the existence of exculpatory material applicable to this defendant. Counsel for the government will disclose any exculpatory material immediately upon its discovery.

Respectfully submitted,

GREGORY A. WHITE
United States Attorney


By: s/ Blas E. Serrano
Blas E. Serrano
Assistant U.S. Attorney
Reg. No. 0009879
400 United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113
(216) 622-3873 (phone)
(216) 522-7499 (facsimile)
Blas.Serrano@usdoj.gov

MEMORANDUM

Defendant Marlon Brooks has moved to compel disclosure of certain information purportedly in the government's possession before trial, based on the principles of Giglio v. United States, 405 U.S. 150 (1982); Brady v. Maryland, 373 U.S. 83 (1963); and other case law. Defendant has requested disclosure of impeaching material and other specific categories of information, including information concerning confidential sources.

Early disclosure of the information requested by the defendant may place government witnesses in jeopardy and place an undue burden on law enforcement agents to ensure that these witnesses are not harmed, or to ensure that their testimony is not influenced. As indicated above, the government will make available the information sought one day before trial. This will permit counsel to review and explore further use of such impeaching material.

The requests made by the defendant do not concern "matters that are material to the preparation of the defense as required by Brady and Agurs, as well as Rule 16(a)(1)(c)." Boffa, 513 F. Supp. at 501. "Movant is not entitled to pretrial discovery of grand jury testimony of any prospective Government witness. Rule 16(a)(2), supra, does not authorize the discovery of statements made by Government witnesses or prospective Government witnesses, including co-defendants and co-conspirators, except as provided in 18 U.S.C. §3500 . . . [Section] 3500(a) provides that statements made by such witnesses are not subject to discovery

until witness has testified on direct examination in the trial of the case." Penix, 516 F. Supp. at 258-59; see also Rule 16(a)(3).

It has long been established that the government may refuse to disclose the identities of its informants before trial, or at trial. McCray v. Illinois, 386 U.S. 300 (1967); Roviaro v. United States, 353 U.S. 53 (1957); United States v. Van Ordsell, 521 F.2d 1323 (2nd Cir. 1975), cert. denied, 423 U.S. 1059 (1976). The rationale underlying this privilege was expressed in Roviaro:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

The privilege, however, is not absolute. Where the defendant can show that disclosure is necessary to insure a "fair trial," the informant's identity must be revealed. United States v. Hanna, 341 F.2d 906, 907 (6th Cir. 1965).

In Roviaro, the court stated that where the "disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." 353 U.S. at 60-61. The court, however, recognized that there was "no fixed rule" and that disclosure of the informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defense, the possible

significance of the informant's testimony and other relevant factors." Id. at 62. The determination on disclosure is within the discretion of the trial court. United States v. Sales, 482 F.2d 105 (2d Cir.), cert. denied, 414 U.S. 1027 (1973).

The burden of establishing the need for disclosure of the informant's identity is initially upon the person who seeks it. In Re United States, 565 F.2d 19, 23 (2d Cir. 1977), cert. denied, 436 U.S. 962 (1978); United States v. Pruett, 540 F.2d 1004 (9th Cir. 1976), cert. denied, 429 U.S. 1063 (1977).

A mere request for disclosure of the informant's identity is generally held to be insufficient. United States v. Mainello, 345 F. Supp. 863, 881-82 (E.D.N.Y. 1972). Speculation of helpfulness will not compel disclosure, United States v. Trejo-Zanbrano, 582 F.2d 460 (9th Cir.), cert. denied, 441 U.S. 936 (1979).

Courts have consistently held that where a defendant cannot show with "reasonable probability" that the informant was an active participant in the criminal matter under review, but only a "mere tipster," the government is not required to disclose the identity of the informant. United States v. Lewis, 671 F.2d 1025, 1027 (7th Cir. 1982); United States v. Suarez, 582 F.2d 1007, 1011 (5th Cir. 1978); United States v. Sherman, 576 F.2d 292 (10th Cir.), cert. denied, 439 U.S. 913 (1978); United States v. Alonzo, 571 F.2d 1384 (5th Cir.), cert. denied, 439 U.S. 847 (1978). Similarly, disclosure is not required where the informant played only a small or passive role in the offense

charged, had no first-hand information, or where his potential disclosures are already known to the defendant. United States v. Moreno, 588 F.2d 490 (5th Cir. 1978), cert. denied, 441 U.S. 936 (1979); United States v. Suarez, supra; United States v. Weir, 575 F.2d 668 (8th Cir. 1978); United States v. Robinson, 530 F.2d 1076 (D.C. Cir. 1976). Rather, disclosure is only required upon the trial court's determination that the need for the information by the person seeking disclosure outweighs the government's claim of privilege. In Re United States, 565 F.2d (2d Cir. 1977), cert. denied, 436 U.S. 962 (1978).

Counsel for the government anticipates presenting witnesses who were involved in drug trafficking activities with the defendant. As indicated in other responses, the government will provide all Jencks and impeaching material on any witnesses to be presented at trial. The government need not disclose the identity of an informant scheduled to testify at trial, nor is the defense entitled to know the identity of the informant prior to trial. Thus, the informant is treated as any other government witness, and disclosure of the informant is not governed by Roviaro. United States v. Perkins, 994 F.2d 1184 (6th Cir.), cert. denied, 510 U.S. 903 (1993).

As indicated above, the government is aware of its obligation to disclose evidence which may be used to substantially impeach the credibility of government witnesses, and its obligation to reveal promises of leniency of immunity under Giles v. Maryland, 386 U.S. 66 (1967); Giglio v. United

States, 405 U.S. 150 (1972), and their progeny, and will make any such information mandated to be disclosed, including the terms of any cooperation agreements, available with sufficient time to defense counsel prior to the time the witness testifies.

The government states that it will also provide defendant with any information as to any criminal histories of government witnesses prior to that witness' testifying at trial and any other any other impeaching material in the government's possession to which the defendant may be entitled.

Respectfully submitted,

GREGORY A. WHITE
United States Attorney


By: s/ Blas E. Serrano
Blas E. Serrano
Assistant U.S. Attorney
Reg. No. 0009879
400 United States Court House
801 West Superior Avenue
Cleveland, Ohio  44113
(216) 622-3873 (phone)
(216) 522-7499 (facsimile)
Blas.Serrano@usdoj.gov

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>7th</u> day of November 2005, a copy of the foregoing Government's Response to Defendant's Motion for Giglio Material was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

<u>s/ Blas E. Serrano</u>
Blas E. Serrano
Assistant U.S. Attorney
